FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0562

DA 18-0562

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 138N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JEDEDIAH KEITH LARSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Carter, Cause No. DC 17-01
Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Jonathan Krauss, Assistant
Attorney General, Helena, Montana

          Corbit S. Harrington, Carter County Attorney, Ekalaka, Montana

Submitted on Briefs:  April 7, 2021

Decided:  June 1, 2021

Filed:

                        _____
                                Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jedediah Keith Larson appeals from his conviction for aggravated assault in the Sixteenth Judicial District Court, Carter County. Larson contends the District Court erred when it answered the jury's question seeking a definition of "reasonable apprehension," because the definition the court provided allowed the jury to convict based solely on the victim's subjective belief of death or serious bodily injury. We affirm.

¶3     In March 2017, Larson punched his then girlfriend in the head three times, choked her, and threw her against the metal bars of a hide-a-bed. The State charged Larson with partner or family member assault (PFMA), aggravated assault, and unlawful restraint. During deliberations, the jury inquired twice about the definition of "reasonable apprehension," an element of the aggravated assault charge under § 45-5-202(1), MCA. After consultation with counsel, the District Court responded: "Reasonable apprehension refers to fear that is justified under the circumstances, as judged by the subjective standard of the 'reasonable man.'" The jury convicted Larson of PFMA and aggravated assault and acquitted him of unlawful restraint. Larson appeals his conviction of aggravated assault.

¶4     We review a court's jury instructions in a criminal case to determine whether, as a whole, they fully and fairly instruct the jury on the law applicable to the case. *State v. Bieber*, 2007 MT 262, ¶ 67, 339 Mont. 309, 170 P.3d 444. We apply the same standard of review to a court's decision to provide or deny the jury's request for additional information pursuant to § 46-16-503, MCA. *Bieber*, ¶ 67.

¶5     As pertinent to the current case, a person commits aggravated assault under § 45-5-202, MCA, "if the person . . . purposely or knowingly, with the use of physical force or contact, causes reasonable apprehension of serious bodily injury or death in another." "The standard for determining whether a person has suffered emotional distress or reasonably apprehended bodily injury is that of a reasonable person under similar circumstances." *State v. McCarthy*, 1999 MT 99, ¶ 27, 294 Mont. 270, 980 P.2d 629 (citing *State v. Martel*, 273 Mont. 143,150, 902 P.2d 14, 19 (1995)). That is, "[w]hen faced with the conduct complained of, would a reasonable person feel apprehension?" *Martel*, 273 Mont. at 150, 902 P.2d at 19. We have explained the "reasonable person standard is an objective one." *Martel*, 273 Mont. at 150, 902 P.2d at 19.

¶6     Larson's main objection on appeal is with the use of the word "subjective" in the provided definition. Larson argues the definition provided by District Court did not instruct the jury to apply an *objective* standard as required by our caselaw because the definition stated "as judged by the *subjective* standard of the 'reasonable man.'" Larson argues the use of the word "subjective" allowed the jury to convict based solely on the victim's subjective fears.

3

¶7     The reasonable person standard sets an "objective" or universal standard of conduct, or what a reasonable person would perceive under the circumstances. This is in contrast to a "subjective" or individualized standard, or what the individual in a particular case personally perceived. The District Court's instruction did not instruct the jury the victim's subjective fears were sufficient to convict Larson, but rather instructed the jury to consider what a reasonable person would *perceive* under the circumstances. The court told the jury reasonable apprehension must be "justified under the circumstances, as judged by the subjective standard of the 'reasonable man.'" The District Court's instruction properly instructed the jury to consider whether a reasonable person would reasonably apprehend or perceive a risk of serious bodily injury under the circumstances, not just whether the victim personally apprehended or perceived a risk of serious bodily injury. Larson's reading of the instruction requires the reader to ignore the final clause "of the 'reasonable man.'" While it arguably would have been better practice to first consult our caselaw and use particular language therefrom to instruct the jury on "reasonable apprehension," rather than start with a commercial legal website, we conclude the District Court's instruction fully and fairly instructed the jury on the definition of "reasonable apprehension," under the circumstances of this case.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

applicable standards of review.  The District Court's interpretation and application of the law were correct.  Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR